An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

IN THE SUPREME COURT OF THE STATE OF NEVADA

| | |
|---|---|
| HASSAN ROBERTS,<br>Appellant,<br>vs.<br>THE STATE OF NEVADA,<br>Respondent. | No. 62076 |



FILED

MAY 15 2013

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY_____
DEPUTY CLERK

## ORDER OF AFFIRMANCE

This is an appeal from a district court order dismissing appellant Hassan Roberts' post-conviction petition for a writ of habeas corpus. Second Judicial District Court, Washoe County; Jerome Polaha, Judge.

Roberts argues that the district court erred by denying his claim that trial counsel was ineffective for failing to suppress the fruits of an illegal search. To prove ineffective assistance of counsel, a petitioner must demonstrate that counsel's performance was deficient in that it fell below an objective standard of reasonableness and resulting prejudice in that there is a reasonable probability that, but for counsel's errors, the outcome of the proceedings would have been different. *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984); *Warden v. Lyons*, 100 Nev. 430, 432-33, 683 P.2d 504, 505 (1984) (adopting the test in *Strickland*). We give deference to the district court's factual findings but review the court's application of the law to those facts de novo. *Lader v. Warden*, 121 Nev. 682, 686, 120 P.3d 1164, 1166 (2005).

Roberts submits that an illegal search occurred when police officers used a drug-sniffing dog to smell his luggage because they did not have individualized suspicion that he was committing a crime prior to the

13-14390

canine "sniff." The district court denied Roberts' claim that counsel was ineffective for failing to move to suppress the evidence on this ground because it concluded that the drug dog's sniff did not constitute a search. We agree. Roberts' luggage was sniffed in a public place, which does not "constitute a 'search' within the meaning of the Fourth Amendment" because the intrusion is minimal and does not violate a reasonable expectation of privacy. *See United States v. Place*, 462 U.S. 696, 707 (1983); *United States v. Beale*, 736 F.2d 1289, 1292 (9th Cir. 1984); *cf. Florida v. Jardines*, ___ U.S. ___, ___, 133 S. Ct. 1409, 1417 (2013) (distinguishing dogs' sniffs in public places from those within the curtilage of one's home). Because the Fourth Amendment was not implicated, *see Maryland v. Macon*, 472 U.S. 463, 468-69 (1985), police officers required no suspicion before allowing the dog to sniff his luggage. We conclude that the district court did not err by denying Roberts' claim, and we

ORDER the judgment of the district court AFFIRMED.

_____, J.
Gibbons

_____, J.          _____, J.
Douglas                                              Saitta


cc:   Hon. Jerome Polaha, District Judge
Sally S. deSoto
Attorney General/Carson City
Washoe County District Attorney
Washoe District Court Clerk